# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT JOSEPH ARMIJO and JOSEPH FINANCIAL, INC.,<br><br>　　　　　　　　　　　Defendants. | Case No.:  3:21-cv-01107-TWR-AHG<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>[ECF No. 16] |

　　　Before the Court is the parties' joint motion to continue the Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC"), currently scheduled for November 12, 2021. ECF No. 16.

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 10 at 7 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see, e.g.*, FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties have represented to the Court that "Plaintiff's lead counsel, Alise Johnson, and [Plaintiff's] Regional Trial Counsel, Andrew Schiff [], have scheduling conflicts and cannot attend the ENE as currently scheduled." ECF No. 16 at 2. Therefore, the parties seek a continuance of the ENE and CMC. *Id*. The parties identified November 19, November 22, and November 23 as mutually agreeable conference dates. *Id*.

As an initial matter, the parties' motion is deficient. First, the parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules and the Court's October 5, 2021 Order. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met"); ECF No. 10 at 7 (same). The Court will take the parties at their words without the required declaration, but will not do so again.

Second, the parties' motion failed to include specific facts or any framework for a finding of diligence. The motion merely recounts that Plaintiff's counsel and representative with full settlement authority "have scheduling conflicts and cannot attend the ENE as currently scheduled." ECF No. 16 at 2. Without more, this is simply insufficient. Court staff reached out to the parties for more detailed reasoning for the requested continuance, and Plaintiff's counsel responded that "[s]ince that is the day after a national holiday, [she] had longstanding plans to take off that Friday to visit family," acknowledging that the plans were not "a sure thing" until more recently, when she found out "whether other family members would be available." Email to Chambers (Nov. 1, 2021 at 4:12 PM); Email to Chambers (Nov. 1, 2021 at 4:53 PM). Plaintiff's counsel also responded that "Mr. Schiff's conflict has been resolved so that he could attend the ENE but it would be without the benefit of lead counsel who has been working with the Defense counsel on these matters. Thus, we thought it better to ask for the short[1] continuance." Email to Chambers (Nov. 1, 2021 at 4:12 PM). This information should have been included in the required declaration.

Upon due consideration, the Court does not find good cause to grant the continuance. Thus, the joint motion (ECF No. 16) is **DENIED**.

The Court now turns to Ms. Johnson's informal email request to be excused from the ENE. Email to Chambers (Nov. 1, 2021 at 4:12 PM) ("If the Court would rather keep the date, then Mr. Schiff can attend"); Email to Chambers (Nov. 1, 2021 at 4:53 PM) ("Given Mr. Wright's desire to not postpone until December, it's probably best if you proceed with Mr. Schiff on that day."). In its October 5, 2021 Order, the Court reiterated that lead counsel is required to attend the ENE. ECF No. 10 at 2 (requiring attendance of "the primary attorney(s) responsible for the litigation"); *Id*. at 4 (same); *Id*. at 6 (same).

---

[1] During an email exchange with court staff, the parties stated their preference for the ENE to be *briefly* continued by a few days, but not until mid-December, which was the next available date on the Court's calendar. Email to Chambers (Nov. 1, 2021 at 4:45 PM); Email to Chambers (Nov. 1, 2021 at 5:21 PM).

Although the request should have been brought by motion, the Court will consider it at this time. Upon consideration,[2] the Court **GRANTS IN PART** Ms. Johnson's request that her attendance be excused. The Court **ORDERS** that Ms. Johnson be fully available on telephonic standby during the *entire* ENE, which could last into the late afternoon or early evening. Additionally, the Court reminds Mr. Schiff that "[a]ll who attend the ENE must be legally and factually prepared to discuss and resolve the case." ECF No. 10 at 4.

**IT IS SO ORDERED.**

Dated:  November 3, 2021

Honorable Allison H. Goddard
United States Magistrate Judge

---

[2] Defendants' counsel stated that "[w]e would like to avoid a continuance of the ENE to mid-December … [and] would like to hold the ENE sooner rather than later" and noted that "[a]lthough it would be valuable to have Ms. Johnson there on Zoom, I am fine with Mr. Schiff participating at the ENE. If the need arises on a particular issue, perhaps Ms. Johnson can be available by telephone." Email to Chambers (Nov. 1, 2021 at 4:45 PM); Email to Chambers (Nov. 1, 2021 at 5:09 PM).